UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CANDICE KATIE TOWNER,<br><br>Plaintiff,<br><br>v.<br><br>FREDERICK OMOYUMA SILVER,<br><br>Defendants. | Case No. 2:19-CV-00636-JAD-EJY<br><br>**ORDER** |

Presently before the Court is Defendant Frederick Omoyuma Silver's Application to Proceed *In Forma Pauperis* (ECF No. 1), filed on July 11, 2019, attached to which was a Notice of Removal, a state court docket sheet, a civil cover sheet, and a proposed summons. No complaint was attached to the Notice of Removal, nor has one been filed separately with the Court.

**I.    *In Forma Pauperis* Application**

Defendant submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

**II.    Screening the Complaint**

As state above, Defendant's *in forma pauperis* application was accompanied by a notice of remove (ECF No. 1-1), a state docket sheet (ECF No. 1-2), a civil cover sheet (ECF No. 1-3), and a proposed summons (ECF No. 1-4). No complaint was filed with Defendant's application. Further, the notice of removal fails to state the necessary information to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts have the power

to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). A court may raise the question of subject-matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3). Defendant bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

Absent a complaint and a sufficient basis to establish jurisdiction of the Court, and absent a fully compliant notice of removal pursuant to which diversity jurisdiction is established, the Court will dismiss this case for lack of subject-matter jurisdiction, with leave to amend.

IT IS THEREFORE ORDERED that Defendant's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that if Defendant chooses to proceed, Defendant file an amended Notice of Removal the establishes complete diversity and the requisite amount in controversy pursuant to 28 U.S.C. § 1332.

IT IS FURTHER ORDERED that the case be DISMISSED without prejudice for failure to establish federal jurisdiction over the matters at issue, with leave to amend. If Defendant chooses to file the complaint originally filed in state court, Defendant must do so within 30 days from the date of this Order.

Failure to comply either or both of the requirements of this Order may result in a recommendation that this action be dismissed.

DATED THIS 16th day of August, 2019.

_____
ELAYNA J. YOUCHAH
United States Magistrate Judge